

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00356-CV

———————————————————

IN THE INTEREST OF A.H. AND B.H., CHILDREN

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-639731-18

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In November 2021, the trial court entered an order terminating L.W.'s parental rights to two of her children, A.H. and B.H.[1] We affirmed that termination order in *In re A.H.*, No. 02-21-00402-CV, 2022 WL 1682422, at \*1–11 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.). After we handed down our opinion, T.W.—who was not a party to the termination proceedings in the trial court[2]—attempted to file this separate, second appeal from the termination order.

"Generally, only parties of record may appeal a trial court's judgment." *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding); *H.M.W. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-20-00093-CV, 2020 WL 962388, at \*1 (Tex. App.—Austin Feb. 28, 2020, no pet.) (mem. op.); *see* Tex. R. App. P. 25.1, 26.1; *State v. Naylor*, 466 S.W.3d 783, 787–88 (Tex. 2015) (orig. proceeding) (explaining that appellate standing is generally limited to parties of record and stating that "an appeal filed by an improper party must be dismissed"). Accordingly, we notified T.W. of our concern that we lacked jurisdiction over this appeal. We warned that we would dismiss the appeal for want of jurisdiction unless, within ten days, T.W. filed a response showing grounds for continuing it. *See* Tex. R.

---

[1]To protect the identities of the children, we use aliases to refer to them and others associated with this case. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The clerk's record indicates that T.W. is the mother of L.W. and the maternal grandmother of A.H. and B.H.

App. P. 42.3(a), 44.3. More than ten days have passed, but we have not received a response.

We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *H.M.W.*, 2020 WL 962388, at *1 (dismissing for want of jurisdiction when nonparty grandmother attempted to appeal from termination order).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 20, 2022